**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THOMAS M. BIDEGARY,<br><br>　　　　Defendant. | Case No. 3:17-cr-00033-RCJ-WGC<br>　　　　　3:17-cr-00073-RCJ-WGC<br><br>**ORDER** |

Defendant moves for compassionate release based on the ongoing COVID-19 pandemic in conjunction with his age and medical issues.[1] The Court grants the motion in part and denies it in part, and it modifies Defendant's sentence to home detention for the remainder of his present term of imprisonment, followed by the previously imposed term of supervised release.

**BACKGROUND**

The Court takes the facts regarding Defendant's underlying conduct and criminal history from the unobjected-to Presentence Report. Starting in approximately 1992, Defendant owned and

---

[1] Defendant has moved for compassionate release in two separate criminal cases: Case No. 3:17-cr-00033-RCJ-WGC and Case No. 3:17-cr-00073-RCJ-WGC. The filings in the cases are identical except that Defendant filed a pro se motion for compassionate release in Case No. 3-17-cr-00033-RCJ-WGC, (ECF No. 60), but did not file one in Case No. 3:17-cr-00073-RCJ-WGC. For this order, this Court cites to the filing numbers in Case No. 3-17-cr-00033-RCJ-WGC.

operated a tax preparation business until at least 2014. His then-wife and now co-defendant began working at the business in 2008. Through this business they conspired to defraud the United States by filing false and fraudulent tax returns. To accomplish this conspiracy, they convinced clients to invest money in business entities, which Defendants owned and operated. Defendant used these investments to claim unwarranted tax benefits on behalf of his client. On one occasion, Defendant filed a tax return for an elderly woman who is unable to make her own financial decisions. He used incorrect figures, which caused the IRS to issue a tax return in the amount of $12,500. The check was made payable to his tax preparing business entity, and Defendant used this money for his personal benefit.

Based on this conduct, two grand juries returned indictments for a total of nineteen counts. The Government agreed to dismiss seventeen of these counts in exchange for Defendant pleading guilty to two: Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and Theft of Government Money in violation of 18 U.S.C. § 641.

Defendant's criminal history shows a pattern of similar conduct. Before perpetrating the instant crimes, Defendant had been indicted on four previous occasions, resulting in numerous felony convictions, including: three counts of Sale of a Security Without a Permit, one count of Grand Theft, one count of Embezzlement, eighteen counts of Aiding and Assisting in the Filing of False Tax Returns, one count of Making and Subscribing a False Tax Return, and one count of Theft and Conversion of Government Funds. In addition to these cases, Defendant was indicted in another felony case in 2007 that resulted in dismissal and, at the time of sentencing, had pending fraud charges in Nevada state court.

Application of the United States Sentencing Guidelines (U.S.S.G.) rendered a recommended sentencing range of fifty-one to sixty-three months' imprisonment and one to three years of supervised release. The parties agreed to jointly recommend a sentence of sixty months'

imprisonment with three years of supervised release, but the Probation Office recommended an upward departure to ninety-six months' imprisonment. To prevent future crimes, the terms of supervised release contained the following special conditions, in addition to the mandatory and standard conditions of supervised release:

1. Access to Financial Information - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.
2. Debt Obligations - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.
3. Search and Seizure - You shall submit to the search of your person, property, residence, or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.
4. Employment Restriction - You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to prepare tax returns, provide tax consulting or otherwise provide tax or financial advice of any kind, without the prior approval of the probation officer.
5. Internal Revenue Service Compliance - You shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed. You shall file timely, accurate, and lawful income tax returns and provide proof of same to the probation officer.

After review, the Court was satisfied that imposing the sentence of sixty months' imprisonment combined with the proposed special conditions of supervised release would deter Defendant from recidivating. The Court therefore declined to upwardly depart from the Sentencing Guidelines and adopted the joint recommendation. (*See* ECF No. 56.)

Defendant is currently sixty-nine years old, has completed twenty-three months of his sentence, and currently has a projected release date of August 26, 2023. *Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 2, 2020). Defendant also has numerous health issues, including a meningioma and stage three chronic kidney disease. (ECF No. 64.) Defendant moves for compassionate release asserting that his age and medical conditions, in conjunction with the ongoing COVID-19 pandemic, constitute an extraordinary and compelling

reason. In his motion, Defendant requests that the Court reduce his sentence to time served or alternatively allow him to serve the remainder of his sentence in home detention. (ECF No. 63.) On June 3, 2020, Defendant's counsel accordingly sent the warden an email requesting that the Bureau of Prisons file a motion for compassionate release on Defendant's behalf. (ECF No. 63 Ex. B.)

## LEGAL STANDARD

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may grant a reduction to a term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons." § 3582(c)(1)(A).

Either the Bureau of Prisons (BOP) or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The applicable policy statement for motions under § 3582(c)(1)(A) is U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). This policy statement requires a court to find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(2). It also defines "extraordinary and compelling as reasons" as the following:

1. The defendant is suffering from a terminal illness . . . . [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

2. The defendant is at least 65 years old[,] is experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
3. The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, [those described above].

§ 1B1.13 cmt. n.1(A)–(D).

## ANALYSIS

Defendant has satisfied the exhaustion provision through his counsel's email, which was received more than thirty days before now, and the Government stipulates that his age and medical conditions in conjunction with the COVID-19 pandemic constitute an extraordinary and compelling basis for release. (ECF No. 71.) The Government however maintains that Defendant is a danger to society and has not adequately served his sentence to merit release.[2]

The Court disagrees and grants Defendant's motion in part. It orders the following: Defendant be immediately released from custody of the BOP. In place of Defendant's remaining sentence of imprisonment, the Court instead imposes a term of supervised release to begin immediately for the entire remainder of "the unserved portion of the original term of imprisonment," § 3582(c)(1)(A), with the condition that Defendant remain in home detention. This

---

[2] The Government also claims that the Court cannot grant Defendant's motion without first affording his victims a right to be heard according to 18 U.S.C. § 3771(a)(4) ("A crime victim has the . . . right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.") and Fed. R. Crim. P. 60(a)(3) ("The court must permit a victim to be reasonably heard at any public proceeding in the district court concerning release, plea, or sentencing involving the crime."). But this Court agrees with what appears to be the only other court to deal with this issue—these rules do "not require victim notification of compassionate release proceedings unless the proceedings will include a public hearing in open court." *United States v. Ebbers*, 432 F. Supp. 3d 421, 424 (S.D.N.Y. 2020). The term "proceeding" means "hearing" because § 3771(a)(3) states, "A crime victim has the . . . right not to be excluded from any such public court proceeding . . . ." Courts presume that Congress intends a single definition for a term that it employs multiple times in a statute. *Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007).

term of supervised release is also subject to the conditions of the originally imposed terms of supervised release enumerated in this Court's judgment, (ECF No. 57). The Court does not modify its original term of supervised release, which will immediately follow the expiration of the term of home detention.

While the Government is correct that if the Court were to grant Defendant's first request—that the Court reduce his sentence to time served without also imposing home detention—this would not provide "just punishment for the offense[s]." 18 U.S.C. § 3553(a)(2)(A). Defendant, however, alternatively requests that the Court modify the remainder of his term of imprisonment to home detention. The Court has this power. *See* § 3582(c)(1)(A) (a court "may impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment"); U.S.S.G. § 5F1.2 ("Home detention may be imposed as a condition of . . . supervised release, but only as a substitute for imprisonment."). Considering the § 3553(a) factors, the Court finds that modifying his sentence as such is a "sufficient, but not greater than necessary," sentence. § 3553(a).

The Court also finds that Defendant is not a danger to the society. For this determination, there are three relevant factors to consider: "the nature and circumstances of the offense," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g). Despite his criminal history, Defendant is now sixty-nine years old and suffering numerous medical conditions. Critically, the Court was satisfied at the time of sentencing that the conditions of supervised release would prevent Defendant from future crimes—it still is.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Emergency Motion for Compassionate Release (ECF No. 60) in 3:17-cr-00033-RCJ-WGC is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's Motion for Compassionate Release (ECF No. 63) in 3:17-cr-00033-RCJ-WGC is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's Motion for Compassionate Release (ECF No. 45) in 3:17-cr-00073-RCJ-WGC is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant be immediately released from the custody of the BOP and begin a term of supervised release, which will remain in effect for the entire remainder of the unserved portion of the original term of imprisonment with the condition that Defendant remain in home detention. This term of supervised release is also subject to the conditions of the originally imposed term of supervised release enumerated in this Court's judgment, (ECF No. 57). The original term of supervised release is not modified by this order and will begin immediately upon the expiration of the new term of supervised release.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge